**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

PREM LAIKHRAM,

    Plaintiff,

    v.

EASTERN WASTE SYSTEMS, INC.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, PREM LAIKHRAM ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendant, EASTERN WASTE SYSTEMS, INC. ("EASTERN WASTE" or "Defendant"), and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of federal minimum wages during the course of his employment by improperly garnishing Plaintiff's entire paycheck in at least one or more workweeks of employment. Plaintiff made an effort to obtain his unpaid wages before initiating this lawsuit. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all minimum wages that Defendant refused to pay Plaintiff during his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, EASTERN WASTE, was a Florida for profit corporation located and transacting business within Pompano Beach, Florida, within the jurisdiction of this Honorable Court.

4. EASTERN WASTE is headquartered and operates its principal location at 1660 NW 19th Ave., Pompano Beach, Florida 33069.

5. Defendant, EASTERN WASTE, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices, particularly as they relate to Plaintiff, during the relevant time period.

## JURISDICTION AND VENUE

7. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant, EASTERN WASTE, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

9. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

10. Defendant, EASTERN WASTE, has been in operation in Florida since at least 2003.

11. EASTERN WASTE provides waste removal services throughout the State of Florida.

**FLSA COVERAGE**

12. Defendant, EASTERN WASTE, is covered under the FLSA through enterprise coverage, as EASTERN WASTE was engaged in interstate commerce during Plaintiff's employment period. More specifically, EASTERN WASTE's business and Plaintiff's work for EASTERN WASTE affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, EASTERN WASTE, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B).*

13. During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: wrenches, screwdrivers, cloths, car brakes, nuts, bolts, pencils, pens, car keys, etc.

14. Defendant, EASTERN WASTE, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, EASTERN WASTE an enterprise covered by the FLSA.

15. Upon information and belief, Defendant, EASTERN WASTE, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

16. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, EASTERN WASTE, within the meaning of the FLSA.

**PLAINTIFF'S WORK FOR DEFENDANTS**

17. Plaintiff began working for Defendant in 2016 and continued to do so until September 2019.

18. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant as a mechanic.

19. During all times material hereto, Plaintiff was an hourly employee.

20. During 2019, Plaintiff's regular hourly rate was $20.50.

21. Plaintiff worked *at least* forty (40) hours per week when he was employed by Defendant in 2019.

22. In September 2019, a truck was damaged at Defendant's property.

23. Defendant hastily (and incorrectly) placed blame on Plaintiff for the damage caused to this truck allegedly due to Plaintiff's purported negligence.

24. Defendant advised Plaintiff it was going to withhold Plaintiff's entire weekly compensation because of the damaged caused to the truck.

25. Plaintiff objected to the withholding of his hard-earned wages.

26. Defendant summarily terminated Plaintiff's employment the following week.

27. During the next pay period, Plaintiff went to Defendant's location at 1660 NW 19th Ave. in Pompano Beach, Florida, to pick up his paycheck.

28. This paycheck was for $0.00 even though Plaintiff had worked at least forty (40) hours in each of the weeks preceding the pay date.

29. Prior to filing this lawsuit, Plaintiff made efforts to obtain his unpaid wages without having to file suit. Plaintiff attempted to discuss this issue with Defendant's representatives in

person and made attempts to call and inquire as to the company's unlawful retention of his hard-earned wages. Defendant refused to compensate Plaintiff even a penny.

**COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206***

30. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29 as though set forth fully herein.

31. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

32. Plaintiff claims the federal minimum wage for all of the hours that he worked in 2019.

33. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal minimum wage as required by the FLSA, as Defendant knew of the minimum wage requirements of the FLSA yet refused to pay Plaintiff same.[1]

34. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

35. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

36. Defendant's willful and/or intentional violations of federal wage law entitles Plaintiff to an additional amount of liquidated, or double, damages.

37. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

---

[1] The FLSA prohibits employers from driving an employee's wages below the applicable federal minimum wage by withholding an employee's wages even where an economic loss is suffered by the employer due to the employee's negligence. *See Department of Labor Fact Sheet #16.*

WHEREFORE, Plaintiff, PREM LAIKHRAM, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, EASTERN WASTE SYSTEMS, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, PREM LAIKHRAM, requests and demands a trial by jury on all appropriate claims.

**Dated this 6th day of March, 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 6, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

6